IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNION GLORY LIMITED,<br><br>                Petitioner,<br>v.<br><br>PDVSA PETROLEO S.A.,<br><br>                Respondent. | C.A. No. |

**PETITION TO RECOGNIZE, CONFIRM
AND ENFORCE FOREIGN ARBITRATION AWARD**

Petitioner, UNION GLORY LIMITED ("Petitioner" or "Owner"), by and through its undersigned attorneys, Clyde & Co US LLP, alleges as follows in support of its Petition for entry of an Order, pursuant to 9 U.S.C. § 207 and 9 U.S.C. § 9, (a) confirming and recognizing the Arbitral Award dated April 14, 2023 ("First Partial Award"),[1] the Addendum thereto dated May 31, 2023 ("Addendum to the First Partial Award");[2] and the Second Partial Award in Relation to Costs dated June 24, 2024 ("Costs Award"),[3] issued by sole Arbitrator, Mr. Sean O'Sullivan, KC (collectively, the "Awards"), under the United Kingdom Arbitration Act 1996, in the matter of the arbitration styled, "*Union Glory Limited* (Claimant) *-and- PDVSA PETROLEO S.A.* (Respondent), *MT "ST JAMES" C/P dd. 13.07.17*" (the "Arbitration"); (b) registering the Judgment entered on the First Partial Award and

---

[1] A duly authenticated and certified copy of the First Partial Award is annexed as Exhibit "A" to the accompanying Declaration of Marko Kraljevic dated February 2, 2026, in support of the Petition to Recognize, Confirm and Enforce the Foreign Arbitration Award ("Kraljevic Decl.").

[2] A duly authenticated and certified copy of the Addendum to the First Partial Award is annexed as Exhibit "B" to the accompanying Kraljevic Decl.

[3] A duly authenticated and certified copy of the Costs Award is annexed as Exhibit "C" to the accompanying Kraljevic Decl.

1

Addendum to the First Partial Award by the U.S. District Court for the District of Delaware dated January 31, 2024 (the "Delaware Judgment")[4], pursuant to 28 U.S.C. § 1963; (c) entering judgment in favor of Petitioner against PDVSA Petroleo S.A. ("Petroleo") in the amount of the First Partial Award, the Addendum to the First Partial Award and the Costs Award, with interest and costs as provided therein, plus the costs of this proceeding, pursuant to 9 U.S.C. § 13; and (d) awarding Petitioner such other and further relief as the Court deems just and proper:

## PARTIES

1.     At all material times, Petitioner has been and is a corporation duly incorporated under the laws of the United Kingdom, with its registered office at Portland House 69-71, Wembley Hill Road, Wembley, Middlesex, England HA9 8BU. Petitioner is part of a group of companies constituting the Union Maritime Group ("UML") which owns and operates a diversified fleet of vessels for the carriage of crude oil, clean products and dry bulk cargos.

2.     At all material times, Respondent Petroleo has been and is a wholly owned subsidiary incorporated in Venezuela of Petroleos de Venezuela S.A. ("PDVSA"), the Venezuelan incorporated and state-owned oil company. Both Petroleo and PDVSA have their principal place of business at Avenida Libertador con Calle El Empalme, Complejo MinPetroleo – PDVSA, La Campiña, Caracas, Venezuela. At all relevant times, PDVSA has wholly owned PDV Holding, Inc. ("PDVH"), a Delaware corporation, which wholly owns CITGO Holding, Inc., which wholly owns CITGO Petroleum Corporation ("CITGO").[5] The shares of PDVH – as the indirect owner of

---

[4] A duly authenticated and certified copy of the Delaware Judgment is annexed as Exhibit "G" to the accompanying Kraljevic Decl.

[5] *See Crystallex Int'l Corp. v. Bolivarian Republic of Venezuela*, 333 F. Supp. 3d 380, 418 (D. Del. 2018), aff'd and remanded, 932 F.3d 126 (3d Cir. 2019).

CITGO – were auctioned for sale by judicial procedure by the United States District Court for the District of Delaware in *Crystallex International Corporation v. Bolivarian Republic of Venezuela*.[6]

3.   Petitioner's claim in the Arbitration against Petroleo arose out of outstanding sums totaling USD $2,693,075.95 due and payable under a charterparty dated July 13, 2017 (the "Charter"), pursuant to which Petitioner agreed to let and Petroleo agreed to hire the M/T ST JAMES for a period of about two years at a hire rate of USD $18,000.00 per day.

## JURISDICTION AND VENUE

4.   This Court has subject matter jurisdiction over this proceeding pursuant to 28 U.S.C. § 1330.  Petroleo is an agency or instrumentality of a foreign state within the meaning of the Foreign Sovereign Immunities Act ("FSIA"), 28 U.S.C. § 1603, and Petroleo is not entitled to immunity from subject-matter jurisdiction of this Court under 28 U.S.C. § 1605(a)(6), as this is a petition to confirm an arbitration award made pursuant to an agreement to arbitrate, governed by the Convention on the Recognition and Enforcement of Foreign Arbitral Awards of June 10, 1958 (the "New York Convention"), which authorizes the recognition and enforcement of such arbitral awards.

5.   Further, this Court has original subject matter jurisdiction over this Petition pursuant to 9 U.S.C. § 203, which provides that United States district courts have original subject matter jurisdiction over a proceeding governed by the New York Convention, as implemented by the Federal Arbitration Act, 9 U.S.C. § 1, *et seq.*, and 9 U.S.C. § 201, *et seq.*

6.   This Petition also constitutes an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure, in that it involves a claim for breach of a

---

[6] *See Crystallex Int'l Corp. v. Bolivarian Republic of Venezuela,* 1:17-mc-00151-LPS, Dkt. Nos. 2556 (D. Del. November 29, 2025), 2553, 2554 (D. Del. November 25, 2025). Appeals have been taken and are pending before the Third Circuit. *See id.*, Dkt. Nos. 2557, 2558, 2559, 2560, 2562, 2601.

maritime contract for the charter of a vessel; and this Court thus also has admiralty jurisdiction pursuant to 28 U.S.C. 1333.

7. Venue is proper in this District pursuant to 9 U.S.C. § 204 because, save for the parties' arbitration agreement, an action or proceeding with respect to the controversy between the parties could have been brought in this District.

8. Venue is also proper in this District pursuant to 28 U.S.C. § 1391(b), (c) and (f)(4).

9. Venue is also proper because on June 26, 2024, the District Court for the District of Delaware ordered that this proceeding be transferred to this District pursuant to the FSIA.[7]

## FACTS

10. By Charter Party dated July 13, 2017, (the "Charter"), Petitioner entered into a maritime contract for the charter of a vessel, the M/T ST JAMES, which Petitioner agreed to let, and Petroleo agreed to hire for approximately two years at a daily hire rate of USD $18,000.00. (A true and correct copy of the Charter is annexed as Exhibit "D" to the accompanying Kraljevic Decl.).

11. Additional Rider Clause 76 of the Charter states that any disputes between the parties are subject to London arbitration. Clause 76 of the Charter also states that the Charter is governed by English Law.

12. In total, Petroleo incurred net charges of USD $10,261,285.39 under the Charter, of which it paid a total of USD $7,543,515.31. A balance of USD $2,693,075.95 is due and owing by Petroleo to Petitioner.

---

[7] *See Union Glory Limited v. PDVSA Petroleo S.A.,* 23-cv-01407-LPS, Dkt. Nos. 69 (D. Del. June 21, 2024), 71 (D. Del. June 26, 2024).

13. Despite due demand by Petitioner, Petroleo failed to pay the outstanding debt under the Charter. Petitioner therefore appointed its Arbitrator on March 15, 2019. Petroleo appointed attorneys who participated in some correspondence related to the Arbitration. Petroleo did not actively participate in the Arbitration and did not appoint an arbitrator.

14. The sole Arbitrator conducted the Arbitration pursuant to London Maritime Arbitrators Association ("LMAA") Terms 2017, as agreed by United Kingdom Counsel for Petitioner, United Kingdom Counsel for Petroleo and the Arbitrator in the underlying Arbitrations. *See* Kraljevic Decl., Exhibit "F."

15. The Arbitrator provided Petroleo ample and sufficient opportunity to participate in the arbitration proceedings. *See* Kraljevic Decl., Exhibit "E."

16. On April 14, 2023, the Arbitrator awarded Petitioner:

> [a] $2,482,301.51 for sums due under the Charter which have not been paid;
>
> [b] $106,104.50 for interest on other payments made late;
>
> [c] $779,914.75 for interest on the unpaid sums to the date of the award.
>
> [d] The total principal sum payable by [Petroleo][8] to the Petitioner amounts to $3,368,320.76.
>
> [e] In addition, the Arbitrator ordered that [Petroleo] must pay the costs of the arbitration, including the Tribunal's fees. To the extent that the Petitioner funded these fees on an

---

[8] Reference to "[Petroleo]" in brackets is made for standardization within this Petition. The United Kingdom Arbitration proceedings, including the Awards, referred to Respondent PDVSA Petroleo, S.A., as "PDVSA," which is the acronym associated with Petroleo's parent company Petroleos de Venezuela, S.A. ("PDVSA").

> interim basis, [Petroleo] must reimburse the excess, together with interest thereon at 5% per annum, compounded every 3 months, from the date of payment until the date of reimbursement.

Kraljevic Decl., Exhibit "A," at ¶¶ 40-42.

17. On May 31, 2023, after submissions by Petitioner, the Arbitrator amended the First Partial Award and issued an Addendum to the First Partial Award, which awarded post-judgment interests:

> I therefore now correct:
>
> [. . .]
>
> paragraph 41 of the First Partial Award, which should read as follows: "That gives a total payable by [Petroleo] to the Owners of US $3,368,320.76 together with interest thereon at 7% per annum, compounded every 3 months, from the date of this Award until the date of payment."

Kraljevic Decl., Exhibit "B," at ¶ 9.

18. On June 24, 2024, after submissions by Petitioner and while Petroleo was still represented by counsel in the Arbitration, the Arbitrator issued the Costs Award, awarding costs as follows:

> In the premises, I award the following sums to the Claimant and require the same to be paid forthwith by the Respondent:

[a] £68,920.44 [9] in respect of the legal costs of the arbitration reference;

[b] £2,456.00[10] in respect of the costs of the process of assessment;

[c] interest on the above sums, at 5% per annum, from the date of this Award until payment, compounded every 3 months; and

[d] any amount which is paid by the Claimant by way of arbitration fees for the present Award, together with interest thereon.

Kraljevic Decl., Exhibit "C," at ¶ 17.

19. Pursuant to English law, the arbitration awards, including interest and costs, are binding on the parties.

20. The United Kingdom and the United States are signatories to the New York Convention, which provides that a court sitting in any signatory country nation shall recognize and enforce a foreign arbitral award where (a) certified copies of both agreement to arbitrate and the arbitral award are submitted to the court; (b) the application is timely filed; and (c) none of the enumerated defenses to recognition and enforcement are present. Convention on the Recognition and Enforcement of Foreign Arbitral Awards arts. III, IV(1), V, June 10, 1958, 330 U.N.T.S. 3.

21. None of the enumerated defenses to recognition and enforcement listed in Article V of the New York Convention applies.

_____

[9] The amounts in the Costs Award were represented by the Arbitrator in United Kingdom Pounds ("UKP £"). As of December 31, 2025, the most recent closing date of this calendar year as published by the U.S. Treasury Department Bureau of the Fiscal Service's Currency Exchange Rates Converter (available at https://fiscaldata.treasury.gov/currency-exchange-rates-converter/), UKP £68,920.44 = USD $92,759.68

[10] *Id.* UKP £2,456.00 = USD $3,305.52

22. The Award, as amended by the Addendum to the First Partial Award, has not been set aside or suspended by a competent authority of the United Kingdom, the country in which, and under the law of which, the Award was made.

23. The Costs Award has not been set aside or suspended by a competent authority of the United Kingdom, the country in which, and under the law of which, the Award was made.

24. Pursuant to 9 U.S.C. § 207, Petitioner brought this action within three (3) years after the Award was issued on April 14, 2023, as amended by the Addendum to the First Partial Award dated May 31, 2023.

25. Pursuant to 9 U.S.C. § 207, Petitioner brought this action within three (3) years after the Costs Award was issued on June 24, 2024.

26. Under the New York Convention, no ground exists for this Court to refuse confirmation and recognition of the First Partial Award, the Addendum to the First Partial Award and/or the Costs Award.

27. On December 7, 2023, Petitioner filed a Petition to Recognize, Confirm and Enforce Foreign Arbitration Award (the "Delaware Petition") in the U.S. District Court for the District of Delaware (the "Delaware Action").[11]

28. On January 18, 2024, Judge Leonard Stark granted the Delaware Petition.[12]

29. On January 31, 2024, Judge Stark ordered, adjudged and declared that the First Partial Award and Addendum to the First Partial Award is "recognized, confirmed, entered and recorded as a judgment by the Clerk of the Court in the same manner, force and effect as if the

---

[11] *See Union Glory Limited v. PDVSA Petroleo S.A.,* 23-cv-01407-LPS, Dkt. No. 1 (D. Del. Dec. 7, 2023).

[12] *See Union Glory Limited v. PDVSA Petroleo S.A.*, 23-cv-01407-LPS, Dkt. No. 19 (D. Del. Jan. 18, 2024).

First Partial Award and Addendum to First Partial Award were final judgments of a court of general jurisdiction of the United States[.]" [13]

30. In opposition to Petitioner's Motion for Conditional Writ of Attachment *Fieri Facias*,[14] Intervenor in the Delaware Action, Petroleos de Venezuela S.A. ("PDVSA"), filed a Cross Motion to Dismiss for Lack of Jurisdiction Over the Subject Matter.[15]

31. On May 17, 2024, Judge Stark denied Petitioner's Motion for Writ of Attachment *Fieri Facias*.[16]

32. After directing and receiving further submissions from the parties, on June 26, 2024 Judge Stark entered an order transferring the Delaware Action to this District Court pursuant to 28 U.S.C. § 1391(f)(4) (the "Transfer Order").[17]

33. The Delaware Judgment was not disturbed and remains valid and in full force and effect.

34. On July 26, 2024, Petitioner appealed the Transfer Order (the "Appeal").[18]

---

[13] *See Union Glory Limited v. PDVSA Petroleo S.A.*, 23-cv-01407-LPS, Dkt. No. 34 (D. Del. Jan. 31, 2024), at 3.

[14] *See Union Glory Limited v. PDVSA Petroleo S.A.*, 23-cv-01407-LPS, Dkt. No. 15 (D. Del. Jan. 11, 2024).

[15] *See Union Glory Limited v. PDVSA Petroleo S.A.*, 23-cv-01407-LPS, Dkt. No. 42 (D. Del. Feb. 2, 2024).

[16] *See Union Glory Limited v. PDVSA Petroleo S.A.,* 23-cv-01407-LPS, Dkt. No. 63 (D. Del. May 17, 2024).

[17] *See Union Glory Limited v. PDVSA Petroleo S.A.,* 23-cv-01407-LPS, Dkt. Nos. 69 (D. Del. June 21, 2024), 71 (D. Del. June 26, 2024).

[18] *See Union Glory Limited v. PDVSA Petroleo S.A.,* 23-cv-01407-LPS, Dkt. No. 73 (D. Del. July 26, 2024).

35. On August 18, 2025, the Third Circuit dismissed the Appeal for lack of appellate jurisdiction.[19]

## PRAYER FOR RELIEF

36. Petitioner repeats and realleges all the foregoing paragraphs with the same force and effect as if set forth herein at length.

37. By reason of the foregoing and pursuant to the New York Convention and the Federal Arbitration Act, Petitioner respectfully requests that this Court register the Delaware Judgment as valid and enforceable in the District of Columbia and issue a supplemental judgment confirming the Costs Award. In the alternative, Petitioner requests entry of a new judgment recognizing and confirming the Awards, including the Costs Awards, in all respects.

**WHEREFORE**, Petitioner respectfully requests that this Court enter an Order and Judgment, pursuant to 9 U.S.C. § 207 and 28 U.S.C. §1963:

(a) registering the Delaware Judgment recognizing and enforcing the First Partial Award and Addendum to the First Partial Award as valid and enforceable in this District; and

(b) confirming, recognizing and enforcing the Costs Award; or

(c) in the alternative, entering a new judgment in favor of Petitioner confirming, recognizing and enforcing the First Partial Award, Addendum to the First Partial Award, and Costs Award, in the amount of the First Partial Award, with the interest and costs as provided therein, plus the costs of this proceeding and post-judgment

---

[19] *See Union Glory Ltd. v. PDVSA Petroleo S.A.,* 24-2398, Dkt. No. 25 (3d Cir. August 18, 2025); *Union Glory Limited v. PDVSA Petroleo S.A.,* 23-cv-01407-LPS, Dkt. No. 76 (D. Del. August 18, 2025).

interest at the rates provided for in the Addendum to the First Partial Award and the Costs Award; and

(d) awarding Petitioner such other and further relief as the Court deems just and proper.

Dated: February 11, 2026
District of Columbia

**CLYDE & CO US LLP**
Jack Gerstein
1775 Pennsylvania Ave, NW Ste 400
Washington DC 20006
Tel: (202) 747-5100
Fax: (202) 747-5150
Jack.Gerstein@clydeco.us

John R. Keough (*pro hac vice forthcoming*)
2 Grand Central Tower
140 E 45th Street, Suite 26A
New York, New York 10017
Tel: (212) 710-3900
Fax: (212) 710-3950
John.Keough@clydeco.us

*Counsel for Petitioner, Union Glory Limited*